UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                           No. 21-cr-20535

v.                                 Hon. David M. Lawson

D-1 RAZAN MATTI,

     Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Razan Matti stands convicted of six counts of False Statement and Misrepresented Identification in the Acquisition of a Firearm, in violation of 18 U.S.C. § 922(a)(6), and one count of Willful Engagement in Firearms Business without a License, in violation of 18 U.S.C. § 922(a)(1)(A).  For the reasons stated in this memorandum, the government submits that a sentence at the bottom of the guidelines, or **33 months**, is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3353(a)."  *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

1

## I.   FACTS AND PROCEDURAL HISTORY

### A.   Offense Conduct

In the summer and fall of 2020, ATF agents began investigating the purported purchase of multiple firearms by Adult Victim 1 (AV-1) after several of the firearms were recovered from crimes scenes in and around Detroit in the Eastern District of Michigan (PSR ¶¶ 9–10). Investigation revealed that AV-1 had lost her identification at the Red Roof Inn in Southfield during the summer of 2020. Defendant Razan Matti, who worked at the Red Roof Inn during that summer, had somehow acquired AV-1's identification and had used it to purchase firearms from federally licensed firearms dealers (PSR ¶¶ 9–10).

Specifically, Defendant Matti used AV-1's identification to purchase a total of ten firearms on six dates in August and September 2020:

| Count | Date of False Statement | Licensed Dealer of Firearms | Firearm(s) |
|---|---|---|---|
| 1 | August 7, 2020 | Shooter's Service | Glock Model 22 and Del-ton DTI-15 |
| 2 | August 11, 2020 | Dearborn Out | Glock 21 Gen 4 |
| 3 | August 11, 2020 | CC Coins | KEL-TEC CMR30 |
| 4 | August 13, 2020 | CC Coins | Smith & Wesson SD9VE And Glock 17 Gen 4 |
| 5 | August 14, 2020 | Shooter's Service | FN FNS9 |

2

| 6 | September 2, 2020 | CC Coins | Masterpiece Arms MPA30T, Masterpiece Arms MPA30T, And Masterpiece Arms Defender 30 |
|---|---|---|---|

In addition to presenting AV-1's identification in connection with these purchases, Defendant Matti also listed her phone number and her sister's phone number on the firearms transactions paperwork (PSR ¶ 9).

During the same time period when she made these illegal firearms purchases using AV-1's identification, Defendant Matti illegally sold firearms to others, including some that she had purchased using AV-1's identification.  Text messages recovered from Defendant Matti's phone evidence these sales, including her statements to others that she uses other people's identifications to buy firearms from FFLs and that she had sold "Glocks" and "Draco's" (PSR ¶ 12).

Matti was arrested with the Co-Defendant, Albert James Shelby-Journey-Egnis, after a traffic stop on March 31, 2021 (PSR ¶ 13).

## B.     Procedural History

On August 18, 2021, a federal grand jury indicted Defendant Matti

on six counts of False Statement and Misrepresented Identification in the Acquisition of a Firearm, in violation of 18 U.S.C. § 922(a)(6) (Counts One – Six), and one count of Willful Engagement in Firearms Business without a License, in violation of 18 U.S.C. § 922(a)(1)(A) (Count Eleven) (ECF No. 15). Co-Defendant Egnis was charged in the same indictment with similar counts, including false statement and misrepresented identification and willful engagement in firearms business.

On December 15, 2021, Defendant Matti pleaded guilty as charged in the Indictment without a Rule 11 Plea Agreement (PSR ¶ 6). The Probation Department has prepared a PSR calculating the sentencing guidelines range as 33–41 months, based on a total offense level of 19 and a criminal history category of II (PSR ¶ 63). Neither party objected to that calculation. Sentencing is scheduled for April 6, 2022.

## II. SECTION 3553(A) FACTORS

Congress provided the objectives and factors that courts are to consider when imposing a sentence in 18 U.S.C. § 3553(a). The government addresses the most relevant § 3553(a) factors below, and respectfully submits that they support a custodial sentence at the bottom of the guidelines imprisonment range, or 33 months.

4

**A.      The nature and circumstances of the offense**

This is a serious crime involving the defendant's fraudulent misuse of AV-1's identification to purchase ten firearms unlawfully.  It is even more alarming that the defendant then resold some of those firearms to others, and that some of those firearms were later recovered from crime scenes in Detroit.  Indeed, the evidence from defendant's phone suggests that the defendant was operating a relatively sophisticated firearm-purchasing scheme, boasting to another that she and others (whom she paid) were using real identification cards to purchase guns, allowing defendant to be a "gun plug" (PSR ¶ 12).

It is evident that gun violence is a serious problem in our community, and this defendant directly contributed to that problem by unlawfully obtaining firearms that ended in the hands of people who used them to commit crimes.  All told, the serious nature of this offense weighs in favor of a guidelines sentence.

**B.      The history and characteristics of the defendant**

This defendant is twenty-one years old, and this conviction represents her first felony offense.  Her criminal history is not lengthy and consists of a traffic offense and theft offenses, which resulted in fines

and probationary sentences (PSR ¶¶ 32–34).  Concerningly, however, the defendant's criminal behavior was escalating with time, resulting in the instant offense, a serious federal felony involving the fraudulent purchase and resale of multiple firearms.

That said, the defendant is a young woman with her entire future ahead of her.  She forthrightly admitted her guilt in Court and has accepted responsibility for her actions, even as she faces a term of incarceration for the first time in her young life.  She also has a steady history of employment—though she appears to have misused her position at the Red Roof Inn in connection with the instant offense—and a good relationship with her family.  To her great credit, defendant was an immigrant to this country who learned English as a second language and was able to attain United States citizenship (PSR ¶¶ 45–48, 56–61).

Given all of these factors, the government submits that a bottom-of-the-guidelines sentence is appropriate in this case.  Such a sentence would recognize the seriousness of the offense as well as the defendant's history and characteristics, including her young age, lack of prior incarceration, past employment, and ties to the community.

**C.** **Seriousness of the offense, promotion of respect for the law, and just punishment for the offense**

As noted above, the circumstances of defendant's offense should not be taken lightly.  A just punishment for this particular defendant would be a guideline sentence.  The defendant's actions show a disregard for the law, and a guidelines sentence would, hopefully (and finally), promote respect for the law and provide a just punishment.

**D.** **Adequate deterrence and protection of the public**

A bottom-of-the guidelines sentence would ensure that the defendant is deterred from further criminal activity.  Specifically, a period of incarceration will hopefully cause the defendant to learn from her past mistakes and refrain from reoffending upon release.  Such a sentence will also ensure the protection of the public from additional crime.

**E.** **Providing defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; kinds of sentences available and the need to avoid unwarranted sentencing disparities**

The Bureau of Prisons has the expertise to classify and assign defendant to the appropriate facility.  A guideline sentence in this case

7

fits comfortably within the range of sentences that similarly situated defendants receive.

## III.  CONCLUSION

For the reasons described above, the Government respectfully recommends a bottom-of-the-guidelines sentence of 33 months' imprisonment.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/Diane N. Princ*
Diane N. Princ
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI  48226
(313) 226-9524
Diane.Princ@usdoj.gov

Dated: March 30, 2022

## CERTIFICATE OF SERVICE

I certify that on March 30, 2022, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to all counsel of record.

*s/Diane N. Princ*
Diane N. Princ
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI  48226
(313) 226-9524
Diane.Princ@usdoj.gov

9